## Richmond.

STOVALL V. COMMONWEALTH.

DECEMBER 8th, 1887.

Absent, Richardson, J.

1. PRINCIPAL AND AGENT—*Ultra vires*—*Void acts.*—It is well ;settled that a special agent to do a particular thing within a fixed and defined limit, cannot bind his principal beyond the scope and limits of this authority.

2. IDEM—*Treasurer's bond*—*Surety*—*Case at bar.*—S. gave G. power of attorney to execute in his name, as surety, any bond to the amount of $25,000, which I., the treasurer of H. county, might be required to give for the faithful discharge of his duties as treasurer. A bond of $40,000 penalty was required; and G. to this bond, under said power of attorney, affixed the signature and seal of S. as surety. To an action on said bond S. plead *non est factum:*

HELD:

   The bond sued on is not the bond of S.

Error to judgment of corporation court of Danville, rendered January 22d, 1887, in an action of debt on the official bond of C. H. Ingles as treasurer of Henry county, wherein the Commonwealth, as the relation of John W. Tuggle, was plaintiff, and C. H. Ingles, John T. Stovall and others, were defendants. The judgment on the issue joined being in favor of the plaintiff, the defendant, Stovall, obtained a writ of error and *supersedeas.* Opinion states the case.

*Green & Miller*, for the plaintiff in error.

*Anderson & Staples,* for the defendant in error.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the corporation court of Danville, rendered on the twenty-second of January, 1887. The case is as follows: On the tenth day of December, 1880, the plaintiff in error executed a power of attorney to George D. Graveley, by which he constituted said Graveley his "attorney in fact to affix his signature and seal, to the amount of twenty-five thousand dollars, as surety to any bond which C. H. Ingles, treasurer of Henry county, might thereafter be required by the judge or court of said county to give for the faithful discharge of his duties as treasurer." In December, 1880, soon afterwards, the county court of Henry received and accepted of said C. H. Ingles a bond for the faithful discharge of his duties as treasurer in the penalty of $40,000, and to this bond the said Graveley, by virtue of said power of attorney, as attorney in fact for him, affixed the signature and seal of the said plaintiff in error. In 1883 suit was instituted upon this bond against Ingles, and his sureties therein, upon his alleged default as treasurer, the plaintiff in error being included among his said sureties, in the circuit court of Henry, which action was removed by order entered therein to the corporation court of the city of Danville, where judgment was rendered on the said bond against the plaintiff in error and others. At the time this judgment was rendered, the plaintiff was a non-resident of the State of Virginia; but subsequently the plaintiff in error having returned to the State of Virginia, and being informed of this judgment, filed his petition in the said court, June 13, 1885, praying that the said judgment might be set aside as to him, he not having been served with process, and that the case wherein the said judgment had been rendered might be re-opened, and he be allowed to make his defense;

whereupon, a rule to show cause having been awarded, and returned executed upon the plaintiff, the court re-opened the cause, placed the same upon the docket, and allowed the plaintiff in error to file his plea of *non est factum*, which was done, and the plaintiff replied generally. And, the case being tried, the court rendered judgment against the plaintiff as follows: "Therefore it is considered by the court that the plaintiff recover against the defendant," etc., "the sum of twenty-five thousand dollars of the debt in the declaration mentioned; that, in the opinion of the court, being the penalty of the bond as to the defendant Stovall," etc. "To be charged," etc. To which the defendant excepted; and the evidence being certified as above, and also an account against Ingles approved by the board of supervisors of Henry county, the plaintiff in error brought the case here by writ of error.

There are some minor exceptions, but the only exception material to be considered here is the error assigned in holding the plaintiff in error responsible under the bond of $40,000; the said Graveley being the special agent of the plaintiff in error to execute a bond in the amount of $25,000, and having executed a bond in the penalty of $40,000. The principles of law governing the acts of special agents appear to be well settled. Mr. Story says that in the case of a special agency, if the agent exceeds the special and limited authority conferred on him, the principal is not bound by his acts, but they become mere nullities, so far as he is concerned. Section 126, Story, Ag. That a special agent to do a particular thing within a fixed and defined limit cannot bind his principal beyond the scope and limits of his authority, unless the principal hold the agent out in some form as his general agent, is well settled, as was said by a learned judge in the case of *Hunt* v. *Chamberlain*, 3 Halstead's R., 338. This judgment is at variance with that fixed principle or maxim of the common law, that delegated powers must be strictly pursued; they can never be enlarged

by construction, and are never to be exceeded. If power be given to an agent or attorney to sell ten acres out of a large tract, courts of justice will no sooner enlarge it by construction to twelve acres than to one thousand two hundred. A different rule would not only deter men from ever delegating power to others, and so put a stop to factors and agencies in commerce, but also vest a most dangerous discretion in courts of justice to vary the agreements of parties. Ellenborough, C. J., in *Gee* v. *Lame*, 15 East., 592, gives to such an act its true character in calling it a violation of powers. In that case, Ellenborough, C. J., said: "The authority must be pursued; we cannot violate it." 15 East., 592. "An agent constituted so for a particular purpose, and under a limited and circumscribed power, cannot bind the principal by any act by which he exceeds his authority, for that would be to say that any man may bind another against his consent." Opinion of Buller, J., in *Fenn* v. *Harrison*, 3 Denn. & E., 762. See also, *Thompson* v. *Stewart*, 3 Conn., 183; *Wiltshire* v. *Sims*, 1 Camp., 259.

It was said by Hosmer, C. J., in *Thompson* v. *Stewart, supra :* " The point is too clear for argument. It is no less extravagant to assert that an agent may enlarge his authority than that he can originate it." The case of *McCaraher* v. *Com.*, 5 Watts & S. 21, cited by the defendant in error, is not a case in point. That was a case in which a bond was duly executed in a penalty greater than the statute required. There the bond was held not binding beyond the amount required by law; that is, the obligor, having promised in a certain event to pay more, was entertained to deny his obligation to pay less under the bond than the full amount. There is no analogy. There was a completely executed contract, and the question on it at point was as to the measure of its enforcement. *U. S.* v. *Howell*, 4 Wash., C. C. 620; *Com.* v. *Laub*, 1 Watts & S., 263; *U. S.* v. *Brown*, Gilp. 155; *Clapp* v. *Guild*, 8 Mass., 153. Here we have no bond at all by which the plaintiff is bound. His agent had

no authority to execute that, and the said agent did not execute any other. The plaintiff in error is not bound by the unauthorized act of this special agent. The judgment must be reversed and annulled.

JUDGMENT REVERSED.